**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**RICHARD JOSEPH LYNN,**
**Petitioner,**

**v.** 

**UNITED STATES OF AMERICA,**
**Respondent.**

**CIVIL NO. 14-0243-KD-M**
**CRIMINAL NO. 89-72-CB-M**

**ORDER**

This matter is before the Court on Petitioner's ("Lynn") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1), Respondent's Motion to Dismiss or Transfer (Doc. 6), and Respondent's Motion to Dismiss (Doc. 15). The record is adequate to determine Lynn's claims; no evidentiary hearing is required. After consideration of the issues before the Court, it is recommended that Lynn's Petition (Doc. 1) be construed as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and **DISMISSED**, that the Respondent's Motion to Dismiss or Transfer (Doc. 6) is **MOOT**, and that Respondent's Motion to Dismiss for lack of jurisdiction (Doc. 15) be **GRANTED**.[1]

**I. Background**

On December 15, 1989, Lynn was convicted of multiple drug charges for which he was sentenced to serve seven concurrent life sentences (Doc. 1, pp. 1, 12); *see also Lynn v. United States*, 365 F.3d 1225, 1227 n.2 (11th Cir. 2004), *cert. denied*, 543 U.S. 891 (2004).[2] Lynn appealed to the Eleventh Circuit Court of Appeals, but escaped from prison while the appeal was

[1] Accordingly, Lynn's motion to dismiss, filed February 9, 2015, is **MOOT**.
[2] "Lynn was convicted of seven drug crimes: conspiracy to import cocaine, in violation of 21 U.S.C. § 963; conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846; three counts of importation of cocaine, in violation of 21 U.S.C. § 952; and two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1)." *Lynn*, 365 F.3d at 1227 n.2.

pending and the appeal was dismissed under the fugitive disentitlement doctrine.[3] *Lynn*, 365 F.3d at 1227-28, 1241, 1244; *see also* Doc. 1, p. 2. In 1991, the United States Supreme Court denied *certiorari*. *Lynn v. United States*, 499 U.S. 904 (1991).

On March 28, 1997, Lynn filed a habeas petition pursuant to 28 U.S.C. § 2255. *Lynn*, 365 F.3d at 1230; *see also* Doc. 1, p. 4. This Court denied the petition, but granted a certificate of appealability on three issues. *Lynn*, 365 F.3d at 1231. On April 14, 2004, the Eleventh Circuit Court of Appeals affirmed this Court's decision. *Id*. at 1244.

**II. Lynn's Petition**

On May 29, 2014, Lynn filed this action under § 2241, asserting that he was improperly sentenced to life as it exceeded the statutorily-allowed maximum sentence. (Doc. 1, pp. 18-21). Lynn seeks resentencing, arguing that his sentence was "illegal and unconstitutional." (Doc. 22 at 1).[4] On August 26, 2014, Magistrate Judge Bert W. Milling entered an Order finding that Lynn's claims were more appropriately brought as a § 2255 action. Respondent was ordered to "either explain why this action should remain a § 2241 action or file an Answer, treating the Petition as a § 2255 Motion." (Doc. 7).

On September 25, 2014, Respondent filed a Motion to Dismiss, asserting that Lynn's Petition was brought under § 2255 and that it should be dismissed as Lynn had not sought the Eleventh Circuit Court of Appeals' permission to file a successive action (Doc. 15). The Government correctly notes that "[a] second or successive motion [to vacate] must be certified as

[3] "The fugitive disentitlement doctrine permits courts to dismiss a fugitive's appeal in cases in which an individual escapes while at the same time attempting to invoke the jurisdiction of that particular court." *Lynn*, 365 F.3d at 1239.

[4] *Pro se* pleadings must be read liberally to determine "whether jurisdiction to consider [them] can be founded on a legally justifiable base." *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir.1991). Therefore, the Court has an "obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).

provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). The Petitioner must seek and obtain this certification "[*b*]*efore* a second or successive application . . . is filed in the district court." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). "Failure to petition [the court of appeals] for permission to file a successive § 2255 motion leaves the district court without jurisdiction to rule on the successive § 2255 motion and the motion should be dismissed." *Lazo v. United States*, 314 F.3d 571, 574 (11th Cir. 2002), *vacated on other grounds sub nom. Gonazlez v. Secretary*, 326 F.3d 1175 (11th Cir. 2003), *superseding opinion*, 366 F.3d 1253 (11th Cir. 2004) (*en banc*); *accord* Section 2255 Rule 4(b) (when the motion on its face reflects "that the moving party is not entitled to relief, the judge must dismiss the motion").

Despite Lynn's arguments that this is a § 2241 action (Doc. 22), the Court finds that Lynn's petition is a § 2255 action. As stated in his petition, the remedy he seeks is, "Remand for resentencing allowing this court to impose a[]sentence within the statutory range of 0 to 30 years pursuant to (b) (1) (C) of the 841 statute that was based on the jury general verdict of conviction to all drug offenses." (Doc. 1 at 8). "A prisoner in custody pursuant to a federal court judgment may proceed under § 2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352, n.1 (11th Cir. 2008). A federal prisoner may file a § 2255 motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Here, Lynn, a prisoner in custody pursuant to a federal court judgment, raises claims within the scope of § 2255. The Eleventh Circuit has explained,

> Our cases hold that a prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on § 2254 petitions or § 2255 motions by nominally bringing suit under § 2241. *See Medberry v. Crosby,* 351 F.3d 1049, 1060-61 (11th Cir. 2003) (state prisoner cannot avoid restrictions on § 2254 petitions "simply by writing '§ 2241' on his petition for federal post-conviction relief"); *Peoples v. Chatman,* 393 F.3d 1352, 1353 (11th Cir. 2004) (§ 2244(d) statute of limitations applies to § 2241 petitions by state prisoner in custody after parole revocation); *Darby v. Hawk–Sawyer,* 405 F.3d 942, 945 (11th Cir.2005) (federal prisoner may not circumvent bar on successive § 2255 petitions by filing under § 2241). In other words, the cases in this circuit consistently recognize that prisoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254 or § 2255, however their petition is captioned, but persons challenging detention that is not pursuant to a judgment, or challenging the execution of their sentence, need not.

*Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008).

Considering this, despite Lynn's categorization of this action as one brought under § 2241, the Court finds that Lynn's challenge to his sentence is a § 2255 petition. The Eleventh Circuit has upheld a district court's construing of a petitioner's §2241 petition as a §2255 petition stating:

> Here, the district court did not err by construing [Petitioner's] filing as a § 2255 motion and dismissing it as second or successive. [Petitioner] filed an unsuccessful § 2255 motion prior to filing the § 2241 petition at issue here. Although captioned as a § 2241 petition, [Petitioner] seeks to challenge the validity of his convictions and sentences, not the execution of his sentences, and, therefore, the motion is properly characterized as a § 2255 motion.

*Ramos v. Warden, FCI Jesup*, 502 F. App'x 902, 904 (11th Cir. 2012) (citing *Antonelli* at 1352).

## III. Conclusion

As Lynn has not obtained the Eleventh Circuit's authorization to file a successive § 2255 petition, Respondent's Motion to Dismiss is **GRANTED** and the petition is **DISMISSED** for lack of jurisdiction.[5]

---

[5] Had Lynn's motion been a proper § 2241 action, this Court would not have had jurisdiction. Lynn is currently incarcerated in United States Penitentiary Coleman USP-2, located in Sumterville, Florida, which is in the Middle District of Florida "Section 2241 petitions may be brought only in the district court for the district in which the

**DONE** and **ORDERED** this the 10th day of February, 2015.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'") (citing 28 U.S.C. §§ 2242, 2243); *Allen v. Lamana*, 2000 WL 726217, *4 (S.D. Ala. Apr. 20, 2000) (holding that court did not have jurisdiction over the petitioner's § 2241 petition because such a challenge was proper only in the district where the petitioner was incarcerated).